**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| GENARO DE LUNA-LOPEZ, ALEXANDER ORTIZ, SAUL DE LUNA-LOPEZ and all others similarly situated under 29 U.S.C. 216(b), § § § § § Plaintiffs, § § v. § § A LAWN AND LANDCARE SERVICES § COMPANY, LLC and MARK RYGH § § Defendants. § | Civil Action No. 3:11-CV-1782-M |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion for Partial Summary Judgment filed by Plaintiffs Genaro De Luna-Lopez, Alexander Ortiz and Saul De Luna-Lopez [Docket Entry #28]. For the reasons stated below, Plaintiffs' Motion is **GRANTED IN PART** and **DENIED IN PART**.

## I. FACTUAL BACKGROUND

Plaintiffs filed a complaint against Defendants for violations of the Fair Labor Standards Act ("FLSA"). *See generally Pls.' Compl.* Plaintiffs purport to be three former employees of both Defendant A Lawn and Landcare Services Company ("ALLSC") and Defendant Mark Rygh. *Id.* ¶¶ 3-4; *Pls.' Br. in Supp. of Mot. for Partial Summ. J.* ("Brief") at ¶¶ 10-12. Defendant Rygh owns ALLSC. *Answer* ¶ 4. Plaintiffs allege that they have not been paid any overtime wages as provided for by the FLSA. *Pls.' Compl.* ¶¶ 17-20.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a). If a reasonable jury could return a verdict for the non-moving party, then there is a genuine dispute of material fact. *Gates v. Tex. Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 417 (5th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The moving party bears the initial burden of identifying those portions of the record that demonstrate the absence of a genuine dispute of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986); *Lynch Props., Inc. v. Potomac Ins. Co.,* 140 F.3d 622, 625 (5th Cir. 1998). Once the movant carries its initial burden, the burden shifts to the non-movant to show that summary judgment is inappropriate, by designating specific facts beyond its own pleadings that prove the existence of a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(a); *Anderson,* 477 U.S. at 250; *Fields v. City of S. Houston, Tex.*, 922 F.2d 1183, 1187 (5th Cir. 1991). In determining whether a genuine dispute of material fact exists, "factual controversies are construed in the light most favorable to the non-movant, but only if both parties have introduced evidence showing that a controversy exists." *Lynch Props.*, 140 F.3d at 625 (citation omitted).

### III.   ANALYSIS

**1.   Whether ALLSC Was a Covered Enterprise**

With exceptions not relevant here, the FLSA requires covered "employers" to pay covered "employees" at least one and one-half times the regular rate at which the employee is employed for any work hours exceeding forty. *See* 29 U.S.C. § 207(a)(1). Accordant with Congress's authority to regulate interstate commerce, this provision only applies to employees: (1) "engaged in commerce or in the production of goods for commerce" ("individual coverage"); or (2) "employed in an enterprise engaged in commerce or in the production of goods for commerce" ("enterprise coverage"). *Id.*

The FLSA defines "commerce" as "trade, commerce, transportation, transmission, or

communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b). "Enterprise" is defined as "the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose . . . but shall not include the related activities performed for such enterprise by an independent contractor." *Id.* § 203(r)(1). The statute further defines "enterprise engaged in commerce or in the production of goods for commerce" as one that: (1) "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" (the "enterprise commerce requirement"); and (2) has "annual gross volume of sales made or business done [of] not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)" (the "gross sales requirement"). *Id.* § 203(s)(1)(A)(i)-(ii).

Plaintiffs assert only enterprise coverage as the grounds for conferring subject matter jurisdiction here. *See Br.* ¶ 4. While Plaintiffs do not explicitly identify the "handling" clause as the basis of their argument for enterprise coverage, the Court understands their Motion as arguing such.[1] *See id.* (stating that, "[f]or the purpose of enterprise coverage, 29 U.S.C. 203(s)(1) defines 'enterprise' coverage as an enterprise that has employees 'handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person . . . .'") (quoting 29 U.S.C. § 203(s)(1)); *id.* ¶ 1.f ("During the time that Plaintiffs worked for Defendants, the Defendants employed at least two employees who routinely and regularly used and handled goods that were manufactured outside the state of Texas, and they employed at least two employees who routinely and regularly used and handled Motorola cellular telephones issued by the Company to coordinate the employees' work through use of the

---

[1] Nowhere in Plaintiffs' Brief do they argue that ALLSC had employees "engaged in commerce" or in the "production of goods for commerce." Thus, the Court focuses its analysis only on the "handling" clause of the enterprise commerce requirement.

NEXTEL network."); *id.* ¶ 6 ("The evidence . . . establishes that two or more of ALLSC's employees regularly and recurrently handled or worked on products that originated outside the state of Texas i.e. [sic] manufactured by Toro and STHIL [sic]. These facts and the gross receipts establish enterprise coverage.").

In support of this factual position, Plaintiffs cite to Paragraph six of their respective affidavits. This Paragraph, in each affidavit, states:[2]

> During the time that I worked for Defendants, the Defendants employed at least two employees who routinely and regularly used and handled STIHL trimmers and edgers and engine oil that I believe to be manufactured outside the state of Texas, as well as Toro mowers that I believe to be manufactured outside the state of Texas. Defendants employed at least two employees who routinely and regularly used and handled Motorola cellular telephones issued by the Company to coordinate the employees' work. These phones used the NEXTEL network.
> *G. De Luna-Lopez Aff.* ¶ 6; *S. De Luna-Lopez Aff.* ¶ 6; *Ortiz Aff.* ¶ 6.

Federal Rule of Civil Procedure 56 requires that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Paragraph six of Plaintiffs' affidavits fall short of this threshold, and Plaintiffs do not point to any other evidence in the record to support their "handling" claims. Thus, even assuming that Plaintiffs have established that ALLSC, at all relevant times, was an "enterprise"—a question that this Court need not decide to resolve whether Plaintiffs are entitled to summary judgment on the issue of enterprise coverage—they

---

[2] Messrs. Genaro and Saul De Luna-Lopez state the exact language quoted above in Paragraph six of their respective affidavits. *See G. De Luna-Lopez Aff.* ¶ 6; *S. De Luna-Lopez Aff.* ¶ 6. Mr. Ortiz states the exact language quoted above in Paragraph six of his affidavit, except that he also states that, in addition to ALLSC employees "routinely and regularly" using and handling "STIHL trimmers" and "edgers," they also routinely and regularly used and handled STIHL "blowers." *See Ortiz Aff.* ¶ 6 ("During the time that I worked for Defendants, the Defendants employed at least two employees who routinely and regularly used and handled STIHL trimmers, *blowers* and edgers and engine oil that I believe to be manufactured outside the state of Texas . . . .") (emphasis added). This difference in language does not affect the Court's analysis.

have not satisfied the enterprise commerce requirement. That is, Plaintiffs have not demonstrated an absence of genuine dispute as to whether, during the times relevant to Plaintiffs' complaint, ALLSC employed individuals that were "handling, selling or otherwise working on goods or materials that [had] been moved in or produced for commerce." *See* 29 U.S.C. § 203(s)(1)(A)(i).

*First*, Plaintiffs' statement that Defendants' employed at least two employees that "routinely and regularly used and handled" items that Plaintiffs "*believe* to be manufactured outside the state of Texas," *see G. De Luna-Lopez Aff.* ¶ 6 (emphasis added); *Ortiz Aff.* ¶ 6 (emphasis added); *S. De Luna-Lopez Aff.* ¶ 6 (emphasis added), is not based on personal knowledge and therefore cannot be utilized on Plaintiffs' motion. "A statement that an affidavit is based on the affiant's personal belief does not automatically satisfy the requirement . . . that the affidavit be based on personal knowledge." *Provident Life and Acc. Ins. Co. v. Goel*, 274 F.3d 984, 1000 (5th Cir. 2001) (internal citation and quotation marks omitted); *see also* 10B C. Wright, et al., Federal Practice and Procedure § 2738 (3d ed. 1998) ("[U]ltimate or conclusory facts and conclusions of law, as well as statements made on belief or 'on information and belief,' cannot be utilized on a summary-judgment motion."); *Pearrow v. Abbott Labs.*, No. 1:11-cv-1322, 2013 WL 1305329, at *4 (W.D. Mich. March 28, 2013) (finding affiant's statement, "I believe," to be "akin to making a statement upon 'information and belief' . . . rather than personal knowledge.").

*Second*, Plaintiffs' statements that Defendants employed at least two employees who "routinely and regularly used and handled Motorola cellular telephones" using the NEXTEL network, *see G. De Luna-Lopez Aff.* ¶ 6; *Ortiz Aff.* ¶ 6; *S. De Luna-Lopez Aff.* ¶ 6, are similarly insufficient to be utilized on summary judgment. These statements do not proffer any facts to

establish, and are therefore not evidence that the cellular telephones have been "moved in or produced for" commerce.

Having failed to demonstrate a lack of genuine issue as to whether ALLSC was an "enterprise engaged in commerce," the Court concludes that Plaintiffs have failed to demonstrate enterprise coverage. The Court, therefore, declines to address the parties' arguments respecting whether ALLSC satisfied the additional (and necessary) gross sales requirement of enterprise coverage—*i.e.*, whether, at all relevant times, ALLSC was an "enterprise" with an "annual gross volume of sales made or business done [of] not less than $500,000." *See* 29 U.S.C. § 203(s)(1)(A)(ii).[3]

The Court, however, does take note of Defendants' admissions in their answer that ALLSC's "gross sales or business done" for the years 2009 and 2010 exceeded $500,000.[4] *See Answer* ¶ 14. Defendants have not amended their answer, and "[f]actual assertions in pleadings are judicial admissions conclusively binding on the party that made them." *Johnson v. Houston's Rest., Inc.*, 167 Fed. Appx. 393, 396 (5th Cir. 2006) (internal quotations and citations omitted, alteration in original). Therefore, were the Court to decide whether ALLSC satisfied the gross sales requirement, which it does not do, the Court would hold Defendants to these admissions in doing so, notwithstanding the evidence that Defendants submitted in connection with their Opposition, and upon which they rely to argue that the gross sales requirement was not

---

[3] Plaintiffs ask, for the first time in their Reply, that, should the Court not grant Plaintiffs' Motion in its entirety, the Court instead grant Plaintiffs' Motion "as to all issues other than the $500,000 threshold for the years 2009 and 20[1]1." *See Pls.' Reply to Defs.' Resps. to Pls.' Mot. for Summ. J.* at 3. For the reasons stated above, the Court does not reach this argument.

[4] Specifically, Defendants state: "Defendants deny the allegations set forth in Paragraph 14 of the Complaint; Defendants assert that Defendant A Lawn and Landcare Services Compnay [sic], LLC's gross sales or business done in 2009 exceeded $500,000; Defendants admit the allegations set forth in Paragraph 14 of the Complaint that Defendant A Lawn and Landcare Services Company, LLC's business gross sales or business done exceeded $500,000 for the year 2010." *Answer* ¶ 14.

met for certain years relevant to Plaintiffs' complaint.

### 2. Employee Status of Alexander Ortiz and Saul De Luna-Lopez

Plaintiffs argue that "[g]iven the Defendants' control over [Plaintiffs] and their livelihood, Plaintiffs were employees and not independent contractors." *Br*. ¶ 4. Notwithstanding that this language suggests that Plaintiffs move for summary judgment as to the FLSA employee status of all three Plaintiffs, and despite the fact that Section five of Plaintiffs' Brief is titled, "Plaintiffs Were Employees Not Independent Contractors," Plaintiffs explicitly request in their prayer for relief a finding that "Ortiz and S. De Luna were Defendants' employees and not independent contractors." *Br*. at § 7. Plaintiffs make no such request as to Mr. Genaro De Luna-Lopez.[5] Thus, the Court construes Plaintiffs' arguments with respect to employee status to apply only to Messrs. Ortiz and Saul De Luna-Lopez.

To determine FLSA employee status, the Fifth Circuit "focus[es] on whether the alleged employee, as a matter of economic reality, is economically dependent upon the business to which she renders her services." *Reich v. Circle C. Invs., Inc*., 998 F.2d 324, 327 (5th Cir. 1993). To assess the degree of dependency, the court considers five factors: "(1) the degree of control exercised by the alleged employer; (2) the extent of the relative investments of the worker and alleged employer; (3) the degree to which the worker's opportunity for profit and loss is determined by the alleged employer; (4) the skill and initiative required in performing the job; and (5) the permanency of the relationship." *Id*. "No one of these considerations can become

---

[5] Plaintiffs appear to limit their FLSA employee arguments solely to Messrs. Ortiz and Saul De Luna-Lopez on the basis that "Defendants concede in their Answer, as they do not raise the independent contract defense as to him, and [Genaro] De Luna[-Lopez] states in his affidavit that he was a W-2 employee of Defendants. Defendants raise the independent contractor defense only with regard to [Saul] [D]e Luna[-Lopez] and Ortiz." *Br*. ¶ 10. Accordingly, the Court limits its determination of FLSA employee status solely to Messrs. Ortiz and Saul De Luna-Lopez, and does not determine the status of Mr. Genaro De Luna-Lopez as a FLSA employee.

the final determinant, nor can the collective answers to all of the inquiries produce a resolution which submerges consideration of the dominant factor-economic dependence." *Usery v. Pilgrim Equip. Co., Inc.*, 527 F.2d 1308, 1311 (5th Cir 1976).

Messrs. Ortiz and Saul De-Luna Lopez each state in their respective affidavits that: "I worked for the Defendants . . . as a commercial lawn maintenance worker," *Ortiz Aff.* ¶ 3; *S. De Luna-Lopez Aff.* ¶ 3; "I did not work for anyone else during the time that I worked for the Defendants," *Ortiz Aff.* ¶ 3; *S. De Luna-Lopez Aff.* ¶ 3; "Mark Rygh hired me, directed Jose Guadalupe Machuca to terminate me,[6] set my schedule, set my rate of pay, paid me and provided the tools, equipment and materials that I used," *Ortiz Aff.* ¶ 5; *S. De Luna-Lopez Aff.* ¶ 5; "Defendants controlled the locations where I would work and had the contracts with the customers I served at those locations," *Ortiz Aff.* ¶ 7; *S. De Luna-Lopez Aff.* ¶ 7; "Defendants set my schedule, set my rate of pay, and provided the tools, equipment and materials that I used," *Ortiz Aff.* ¶ 7; *S. De Luna-Lopez Aff.* ¶ 7; "I have no professional licenses or training . . .," *Ortiz Aff.* ¶ 8; *S. De Luna-Lopez Aff.* ¶ 8; and that "I performed unskilled lawn care services for the Defendants whose business was to provide those services to their customers," *Ortiz Aff.* ¶ 9; *S. De Luna-Lopez Aff.* ¶ 9. Defendants do not address any of these facts and the Court considers them undisputed for the purpose of resolving Plaintiffs' Motion. *See* Fed. R. Civ. P. 56(e).

Considering the factors listed above in light of Plaintiffs' evidence, it is clear that Messrs. Ortiz and Saul De Luna-Lopez were economically dependent upon Defendants, and not in business for themselves. Their economic status was inseparable from the significant control

---

[6] Because Messrs. Ortiz and Saul De Luna-Lopez do not state the grounds for their knowledge that Defendant Rygh directed Jose Machuca to terminate them, the Court does not consider this statement in reaching the determination that they are FLSA employees. *See Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1221 (5th Cir. 1985) ("We have long recognized that mere statements of conclusions of law or ultimate fact cannot shift the summary judgment burden to the nonmovant.").

Defendants exercised with respect to ALLSC. Defendants, not Messrs. Ortiz or Saul De Luna-Lopez, held the contracts with ALLSC's customers. Defendants instructed Messrs. Ortiz and Saul De Luna-Lopez as to when and where they would work. Defendants, not Messrs. Ortiz and Saul De Luna-Lopez, supplied the "tools, equipment and materials" used. Messrs. Ortiz and Saul De Luna-Lopez were wage earning employees,[7] whose hours of work and rates of pay (and therefore opportunity for profit) were set by Defendants. The permanency of the relationship between Messrs. Ortiz and Saul De Luna-Lopez, who worked exclusively for Defendants for periods of approximately 15 and 10 months, respectively,[8] also points to employee status. So, too, does the lack of skill and initiative possessed by Messrs. Ortiz and Saul De Luna-Lopez: the two had no specialized training and performed unskilled lawn care services on behalf of Defendants when and where they were told to do so.

The Court therefore concludes that Messrs. Ortiz and Saul De Luna-Lopez were FLSA employees at all relevant times. *See, e.g.*, *Robicheaux v. Radcliff Material, Inc.,* 697 F.2d 662, 666-67 (5th Cir. 1983) (finding FLSA employee status where plaintiffs worked exclusively with defendant for a "substantial period of time," spanning ten months to three years, and defendant provided plaintiffs with "steady reliable work over a substantial period of time."); *Carrell v. Sunland Constr., Inc.*, 998 F.2d 300, 334 (5th Cir. 1993) (noting that a defendant's control over a plaintiff's hours of work and hourly rate can suggest control over the plaintiff's opportunity for

---

[7] *See Ortiz Aff.* ¶ 4 ("During the time that I worked for the Defendants [,] I worked and [sic] average of 50 hours per week and was paid $8.00 per hour when I started and increased to an average hourly wage of $9.30 per hour."); *S. De Luna-Lopez Aff.* ¶ 4 ("During the time that I worked for the Defendants [,] I worked and [sic] average of 50 hours per week and was paid $9.00 per hour when I started and increased to an average hourly wage of $11.00 per hour.").

[8] *See Ortiz Aff.* ¶ 3 ("I worked for Defendants . . . from April 19, 2010 through July 18, 2011 as a commercial lawn maintenance worker."); *S. De Luna-Lopez Aff.* ¶ 3 ("I worked for Defendants . . . from September 10, 2010 through July 22, 2011 as a commercial maintenance worker.").

profits); *Usery*, 527 F.2d at 1314 (holding that "[r]outine work which requires industry and efficiency is not indicative of independence and nonemployee status"); *Reich v. Priba Corp.*, 890 F. Supp. 586, 592 (N.D. Tex. 1995) (finding the degree of control exercised by defendants to favor employee status where plaintiffs' economic status was "inextricably linked to those conditions over which defendants have complete control").

### 3. Employer Status of Mark Rygh

Plaintiffs also move for summary judgment as to Mr. Rygh's FLSA employer status. Plaintiffs contend that Rygh is a FLSA employer "subject to derivative liability" because he "is the owner of the corporate Defendant" and "exerted operational and financial control." *Br. ¶ 9*.

The FLSA defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). "To determine whether an individual or entity is an employer, the court considers whether the alleged employer: '(1) possessed the power to hire and fire employees; (2) supervised or controlled employee work schedules or conditions of employment; (3) determined the rate or method of payment; and (4) maintained employee records.'" *Gray v. Powers*, 673 F.3d 352, 355 (5th Cir. 2012) (quoting *Williams v. Henagen*, 595 F.3d 610, 620 (5th Cir. 2010)). "Each element need not be present in every case." *Id.* at 357. The Fifth Circuit has held that "an individual qualifies as an employer if he 'independently exercised control over the work situation.'" *Circle C.*, 998 F.2d at 329 (quoting *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 972 (5th Cir. 1984)). If an individual is held to be an employer, the individual may be jointly and severally liable with the corporate employer for damages stemming from non-compliance with FLSA. *See Lee v. Coahoma Cnty. Miss.*, 937 F.2d 220, 226 (5th Cir. 1991).

For the reasons discussed above, Plaintiffs sufficiently have demonstrated Mr. Rygh's

FLSA employer status.  While there is no evidence as to whether Mr. Rygh maintained employee records, Plaintiffs state—and Defendants do not address—that Mr. Rygh owned ALLSC (Defendants also admit this in their answer, *see Answer* ¶ 4), hired Plaintiffs, terminated Mr. Genaro De Luna-Lopez,[9] set Plaintiffs' schedule and rate of pay, and provided the tools and equipment that Plaintiffs used in the course of their duties.  *G. De Luna-Lopez Aff.* ¶ 5; *Ortiz Aff.* ¶ 5; *S. De Luna-Lopez Aff.* ¶ 5.  These facts establish that Mr. Rygh independently exercised control over the work situation.  *See Miller v. Prominence Sec. Agency, Inc.*, Civ. A. No. H-08-978, 2009 WL 3858394, at *1 (S.D. Tex. Nov. 17, 2009) ("[T]he evidence shows that Aikens was an employer of the Plaintiffs.  Aikens testified that he was the sole owner and president of Prominence . . . Aikens determined who to hire and fire, the hours each employee worked and their rates of pay.").  Thus, the Court finds that Mr. Rygh was a FLSA employer at all relevant times.

## IV.   CONCLUSION

For the reasons given, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' Motion for Partial Summary Judgment.  Plaintiffs' Motion is **GRANTED** as to (1) the FLSA employee status of Alexander Ortiz and Saul De Luna-Lopez; and (2) the FLSA employer status of Mark Rygh.  Plaintiffs' Motion is **DENIED** in all other respects.

**SO ORDERED**.

Dated: July 29, 2013.

---

[9] Only Mr. Genaro De Luna-Lopez states in his affidavit that Mr. Rygh terminated his employment.  *G. De Luna-Lopez Aff.* ¶ 5.  While, as already discussed, Messrs. Ortiz and Saul De Luna-Lopez state that Mr. Rygh directed another individual to terminate their employment, *see Ortiz Aff.* ¶ 5; *S. De Luna-Lopez Aff.* ¶ 5, the Court does not consider these statements in reaching the determination that Mr. Rygh is a FLSA employer.  *See supra* n.6.